113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Leroy SMITH; John Tyler; David Coe, Plaintiffs-Appellants,
v.
Ron ANGELONE; Karl Sannicks; Brenda Burns; Jessie Walsh;
Jack Hardin; Joseph Elfante, Defendants-Appellees.
 No. 96-15283.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1997.*
Decided May 14, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and ZAPATA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Nevada state prisoners Edward LeRoy Smith, John Tyler and David Coe appeal the district court's summary judgment in favor of prison officials in their 42 U.S.C. § 1983 action, alleging their civil rights were violated when prison officials confiscated pornographic publications from them. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 Nevada Department of Prisons Administrative Directive No. 69-92 ("AD 69-92") provides:
 
 
 6
 Photographs of nude individuals that originate from a commercial publication of general circulation may be received by an inmate and retained in his possession.... However, publications depicting pornographic activities with minors, bestiality, or infamous crime against nature ... are strictly prohibited.
 
 
 7
 Infamous crime against nature is defined as "anal intercourse, cunnilingus or fellatio between consenting adults of the same sex." Nev.Rev.Stat. § 201.190.
 
 
 8
 The inmates do not challenge on appeal the constitutional aspects of the Nevada regulations, but rather frame the issue only as "whether the conflicting facts in affidavits submitted [for purposes of summary judgment] demonstrate the existence of genuine issues of material fact precluding summary judgment." We have reviewed the affidavits in question and we conclude that the record is devoid of any genuine issues of fact. Affidavits submitted on the inmates' behalf in opposition to the motion for summary judgment state that all the magazines confiscated by the prison officials "contained one or more pictorials depicting the suggested act of cunnilingus between two females, however, those pictorials did not depict any sexual penetration essential to commit or depict the acts cunnilingus in violation [of the regulations]." ER 60, 68-69. Nothing in the Nevada regulations, however, requires "penetration" in order to violate the act. Rather, the regulations prohibit possession of all photographs depicting the described sexual acts. Thus, the magazines violate the regulations by the plaintiffs' own admissions. The district court properly granted summary judgment to the prison officials.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3